OPINION
The defendant, Jamison L. Sexton, was tried in the Dayton Municipal Court without the intervention of a jury and found guilty of assault, and from the judgment and sentence thereupon entered in the trial court, Sexton has filed a notice of appeal to this court.
On August 29, 1999, the victim of the alleged assault, Robin Balazs, and two friends, Kellee Haller and Michelle Pennington, went to the Bourbon Street Nightclub in Cincinnati, Ohio. While there, they met the defendant's brother, Jason Sexton, who was a boyfriend of Michelle Pennington, and when the nightclub closed, at about 2:30 a.m., the three women-Robin, Kellee, and Michelle-drove from Cincinnati to Jason's home which was located at 204 Pointview Avenue in Dayton, Ohio. Upon arrival, the women found Jason passed out on his couch, but Michelle and Kellee awakened and assisted him to another room, while Robin sat down on the couch where she eventually fell asleep.
In the meantime, Jason had apparently called his brother, Jamie, the defendant, who resided in West Milton, Ohio, because Jamie called back and talked with Michelle, who requested that the defendant come over to help with Jason who had been drinking and was thinking of leaving on his motorcycle.
Subsequently, Robin was awakened by the defendant, Jamie Sexton, and ordered out of the house. She testified that she was in a daze when she proceeded to stand up in order to leave the residence, and that the defendant grabbed her by the back of her neck, shoved her against a wall, through a screen door, over a porch, and then down a flight of concrete steps, all of which were alleged to have caused physical injuries and harm to her.
In these appellate proceedings, the record shows that the evidence, while in serious conflict upon many factual issues, was readily susceptible to a reasonable finding that Mr. Sexton was in violation of Section 135.03 of the Dayton City Ordinances, which simply provides that "no person shall knowingly cause or attempt to cause physical harm to another."
However, the appellant argues, for his only assignment of error, that the trial court erred in finding the defendant guilty of assault because he was lawfully ejecting a trespasser from the premises. And in this regard, Sexton relies upon the well-established proposition that a property owner may eject a trespasser by the use of reasonable force after the trespasser has received notice to depart and fails to do so within a reasonabletime. State v. Childers (1938), 133 Ohio St. 508, 516.
Here, however, the testimony of the witnesses, though pregnant with inconsistency, is sufficient to support a finding that Jamie Sexton was not the owner of the property where the alleged assault occurred and that he had no proprietary right to remove Balazs forcibly from the house. Furthermore, there is some evidence in the record, if believed by the trier of the facts, to show that Balazs did not have a reasonable time to leave the premises before she was grabbed by the neck and shoved from the residence. Moreover, and perhaps most convincing, is the testimony which supports the conclusion that the amount of force used by the defendant to eject Balazs from the house, under all of the existing circumstances, was unreasonable.
Ordinarily, the weight to be given the evidence and the credibility of the witnesses are for the trier of the facts.State v. Dunlap (1995), 73 Ohio St.3d 308, 316; State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus. And in the application of this fundamental rule, the state of the evidence in the present case is such as to preclude any interference from a reviewing court.
Accordingly, the alleged error is overruled, and the judgment of the Dayton Municipal Court will be affirmed.
BROGAN, J., concurs.